```
E4n1rigp
```

1  UNITED STATES DISTRICT COURT
   SOUTHERN DISTRICT OF NEW YORK
2  ------------------------------x

3  UNITED STATES OF AMERICA,

4           v.                            13-CR-897

5  BLADIMIR RIGO,

6                Defendant.               Plea

7  ------------------------------x

8                                         New York, N.Y.
                                          April 23, 2014
9                                         12:10 p.m.

10
   Before:
11
                    HON. KEVIN N. FOX,
12
                                          Magistrate Judge
13

14                      APPEARANCES

15 PREET BHARARA
        United States Attorney for the
16      Southern District of New York
   BY: JASON MASIMORE, ESQ.
17      Assistant United States Attorney

18 SPEARS & IMES LLP
        Attorneys for Defendant
19 BY:  JOANNA C. HENDON, ESQ.
        RICHARD M. BENJAMIN, ESQ.
20
   ALSO PRESENT:  TONY ROMERO, FBI
21
   ALSO PRESENT:  SELVA NEBBIA, Spanish Language Interpreter
22

*[Handwritten annotation: "To: Diskant" circled]*

Case 1:13-cr-00897-DLC   Document 18-2   Filed 10/06/14   Page 2 of 19

2

E4n1rigp

1              (In open court; case called)

2              THE DEPUTY CLERK:  Counsel, please state your name for

3    the record.

4              MR. MASIMORE:  Good afternoon, your Honor.  Jason

5    Masimore for the government, and with me at counsel table is

6    Task Force Officer Tony Romero with the FBI.  Thanks.

7              THE COURT:  Good afternoon.

8              MS. HENDON:  Good afternoon, your Honor.  Joanna

9    Hendon for Mr. Rigo, and my colleague Richard Benjamin is also

10   with us today.

11             THE COURT:  Good afternoon.

12             Is there an application on behalf of the defendant?

13             MS. HENDON:  Yes.  Mr. Rigo would like to withdraw his

14   previously entered plea of not guilty to the offenses and enter

15   a plea of guilty, your Honor.

16             THE COURT:  Mr. Rigo, I have before me indictment

17   13-CR-897, a multicount indictment, Count One of which charges

18   a violation of Title 18 United States Code Section 1349, which

19   makes it an offense for a person to conspire or agree with

20   others to violate any of the fraud charges that are within a

21   certain chapter of Title 18 of the United States Code.  Count

22   Two of the indictment charges a violation of Title 18 United

23   States Code Section 371, which makes it an offense for a person

24   to conspire or agree with others to violate the laws of the

25   United States.

(212) 805-0300

1           The indictment also contains a forfeiture allegation
2    through which the government has indicated it would seek to
3    recoup from you the proceeds of illegal activity described in
4    the indictment.
5           You have a right to have this afternoon's proceeding
6    presided over by a district judge.  You may, if you wish,
7    consent to have a magistrate judge preside at this afternoon's
8    proceeding.  In that connection I have before me a document
9    which is labeled Consent to Proceed Before a United States
10   Magistrate Judge on a Felony Plea Allocution.
11          Mr. Cancellarich, would you swear the defendant,
12   please.
13          THE DEPUTY CLERK:  Would the defendant please rise.
14          State your name for the record.
15          THE DEFENDANT:  Bladimir Rigo.
16          (Defendant sworn)
17          THE DEPUTY CLERK:  Thank you.
18          THE COURT:  Mr. Rigo, I want to show you the consent
19   form that I mentioned a moment ago.  Do you recognize this
20   document?
21          THE DEFENDANT:  Yes.
22          THE COURT:  Did you have an opportunity to review it
23   with your attorneys?
24          THE DEFENDANT:  Yes.
25          THE COURT:  Is there anything contained in the consent

E4n1rigp

form that you do not understand?

THE DEFENDANT:  No.

THE COURT:  Do you acknowledge that the consent form explains in greater detail what I mentioned to you a moment ago about your right to have this afternoon's proceeding presided over by a district judge and, further, that by signing the document you are agreeing that a magistrate judge may preside at this afternoon's proceeding?

THE DEFENDANT:  Yes.

THE COURT:  Is your true signature on the consent form?

THE DEFENDANT:  Yes, sir.

THE COURT:  Did anyone force you to sign the document, sir?

THE DEFENDANT:  No, sir.

THE COURT:  Let me turn my attention to your counsel. Is your signature also on the consent form?

MS. HENDON:  Yes, your Honor.

THE COURT:  Very well.  I shall sign the document and then we'll continue.

Mr. Rigo, would you state your full name, please.

THE DEFENDANT:  Bladimir Rigo.

THE COURT:  Sir, within the last 24 hours have you consumed any medicine, alcohol, or drugs that would affect your ability to understand what you're doing here today?

E4n1rigp

1           THE DEFENDANT:  No, sir.
2           THE COURT:  Are you under the care of a physician or
3    psychiatrist for any condition?
4           THE DEFENDANT:  Yes.
5           THE COURT:  Which, physician or psychiatrist?
6           THE DEFENDANT:  A physician.
7           THE COURT:  Is there anything about the condition for
8    which the physician is treating you that would prevent you from
9    understanding what you're doing here today?
10          THE DEFENDANT:  No.
11          THE COURT:  Have you ever been treated for alcoholism
12   or drug addiction?
13          THE DEFENDANT:  No.
14          THE COURT:  Do you feel all right today?
15          THE DEFENDANT:  Yes, sir.
16          THE COURT:  What is the extent of your education, sir?
17          THE DEFENDANT:  The second year of high school.
18          THE COURT:  Sir, have you received a copy of
19   indictment 13-CR-897?
20          THE DEFENDANT:  Yes, sir.
21          THE COURT:  Do you wish to have the indictment read to
22   you now in open court?
23          THE DEFENDANT:  No.
24          THE COURT:  Do you understand what it says that you
25   did in the indictment?

E4n1rigp

1    THE DEFENDANT:  Yes.

2    THE COURT:  Have you had sufficient opportunity to
3    speak with your attorneys about the charges contained in the
4    indictment and how you wish to plead with them?

5    THE DEFENDANT:  Yes.

6    THE COURT:  Are you satisfied with the assistance that
7    your attorneys have rendered to you in connection with this
8    matter?

9    THE DEFENDANT:  Yes, sir.

10   THE COURT:  Are you ready to plead to indictment
11   13-CR-897?

12   THE DEFENDANT:  Yes.

13   THE COURT:  What is your plea, sir, guilty or not
14   guilty?

15   THE DEFENDANT:  Guilty.

16   THE COURT:  Are you a United States citizen?

17   THE DEFENDANT:  Yes, sir.

18   THE COURT:  Do you understand that by pleading guilty
19   to the offenses outlined in the indictment, which are felony
20   offenses, you may be giving up certain valuable civil rights
21   that you have, among them the following: the right to vote, the
22   right to hold public office, the right to serve on a jury, the
23   right to possess any type of firearm, including rifles and
24   shotguns --

25   THE DEFENDANT:  Yes.

E4n1rigp

```
1              THE COURT:  -- the right to be considered for certain
2   types of employment, and the right to possess or obtain certain
3   professional licenses?
4              THE DEFENDANT:  Yes.
5              THE COURT:  I have to determine whether your plea of
6   guilty is being made voluntarily and whether you understand
7   fully the nature of the charges made against you and the
8   consequences of your plea, so I shall be asking you additional
9   questions.  I first want to ensure that you understand the
10  nature of the charge made against you.
11             THE DEFENDANT:  Yes.
12             THE COURT:  And so I indicated earlier, Count One of
13  the indictment charges a violation of Title 18 United States
14  Code Section 1349.
15             THE DEFENDANT:  Yes.
16             THE COURT:  That charge is that you participated in a
17  conspiracy to commit healthcare fraud in or about the years
18  2000 through 2013.
19             THE DEFENDANT:  Yes.
20             THE COURT:  The law provides as a maximum penalty for
21  the offense set forth at Count One of the indictment the
22  following: a maximum sentence of ten years' imprisonment; a
23  maximum fine of $250,000, twice the gross pecuniary gain
24  derived from the offense, or twice the gross pecuniary loss to
25  persons other than yourself resulting from the offense; a
```

E4n1rigp

     maximum term of three years' supervised release; and a mandatory $100 special assessment. If you are sentenced to a term of supervised release and violate the terms and conditions of that supervised release such that it is revoked, you expose yourself to serving in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release, without credit for time previously served on postrelease supervision.

     Sir, do you understand the nature of the charge made against you at Count One of the indictment?

     THE DEFENDANT:  Yes.

     THE COURT:  And do you understand the range of penalties, including the maximum sentence to which you are potentially exposing yourself by your plea of guilty to Count One of the indictment?

     THE DEFENDANT:  Yes, sir.

     THE COURT:  Count Two of the indictment, as I indicated to you earlier, charges a violation of Title 18 United States Code Section 371. In connection with that count of the indictment, the grand jury has charged that you participated in a conspiracy to commit certain adulteration offenses, that is, the adulteration of drugs, and the unlawful wholesale distribution of prescription drugs during the period in or about the year 2000 through the year 2013. The law provides as a maximum penalty for the offense set forth at

E4n1rigp

Count Two of the indictment the following: a maximum sentence of five years' imprisonment; a maximum fine of the greatest of $250,000, twice the gross pecuniary gain derived from the offense, or twice the gross pecuniary loss to persons other than yourself resulting from the offense; a maximum term of supervised release of three years; and a $100 mandatory special assessment. I addressed with you when I was discussing the charge at Count One of the indictment what would happen if you were sentenced to a term of supervised release and violated it, causing a revocation. The same would be true with respect to Count Two of the indictment if you are sentenced to a term of supervised release, violate it, and cause the supervised release to be revoked, so I shall not repeat that to you.

Sir, do you understand the nature of the charge made against you at Count Two of the indictment?

THE DEFENDANT: Yes.

THE COURT: And do you understand the range of penalties including the maximum sentence to which you are potentially exposing yourself by your plea of guilty to Count Two of the indictment?

THE DEFENDANT: Yes, sir.

THE COURT: Do you understand that you have a right to plead not guilty and to have a jury trial on the charges contained in the indictment?

THE DEFENDANT: Yes.

E4n1rigp

        THE COURT:  Do you understand that if you plead not guilty and go to trial, the burden would be upon the government to prove that you are guilty beyond a reasonable doubt?

        THE DEFENDANT:  Yes.

        THE COURT:  Do you understand that at a trial you would be presumed innocent until the government proved your guilt beyond a reasonable doubt?

        THE DEFENDANT:  Yes.

        THE COURT:  Do you understand that at a trial and at every other stage of the proceedings, you would have the right to be represented by an attorney and, if necessary, the court would appoint an attorney to represent you?

        THE DEFENDANT:  Yes.

        THE COURT:  Do you understand that at a trial you would have the right to testify, to confront and question any witnesses who might testify against you, and the right not to be forced to incriminate yourself, that is, you do not have to be a witness against yourself?

        THE DEFENDANT:  Yes.

        THE COURT:  Do you understand that at a trial you would be entitled to call witnesses to testify and to compel the attendance of witnesses?

        THE DEFENDANT:  Yes.

        THE COURT:  Do you understand that if you plead guilty, there will be no trial of any kind so that you give up

E4n1rigp

your right to a trial and the only remaining step would be for the assigned district judge to sentence you?

THE DEFENDANT:  Yes.

THE COURT:  Sir, are you certain that you understand the nature of the charges to which you are pleading?

THE DEFENDANT:  Yes, sir.

THE COURT:  And are you certain that you understand the range of penalties, including the maximum sentence to which you are potentially subjecting yourself by your plea?

THE DEFENDANT:  Yes.

THE COURT:  Do you understand that the sentencing judge may be obligated to impose a special assessment upon you?

THE DEFENDANT:  Yes.

THE COURT:  Have you or your attorneys talked about how the Sentencing Commission Guidelines, which are advisory only, might inform the sentence to be imposed upon you?

THE DEFENDANT:  Yes.

THE COURT:  Do you understand that in determining your sentence, the sentencing judge is obligated to calculate the applicable Sentencing Guidelines range and possible departures under the Sentencing Guidelines?

THE DEFENDANT:  Yes.

THE COURT:  Do you understand that in addition to the factors outlined in the Sentencing Commission Guidelines, the sentencing judge will also consider factors that are set forth

E4n1rigp

1    at 18 U.S.C. Section 3553 in determining what an appropriate
2    sentence might be for you?
3            THE DEFENDANT:  Yes.
4            THE COURT:  Sir, do you understand that parole has
5    been abolished and that if you are sentenced to prison, you
6    will not be released on parole?
7            THE DEFENDANT:  Yes.
8            THE COURT:  Do you understand that the answers you
9    give to me today under oath may in the future be used against
10   you in a prosecution for perjury or false statement if you do
11   not tell the truth?
12           THE DEFENDANT:  Yes, sir.
13           THE COURT:  What are the elements of the offenses set
14   forth in the indictment?
15           MR. MASIMORE:  With respect to Count One, your Honor,
16   it has two elements: first, that the defendant agreed with
17   another person to try to commit healthcare fraud; and second,
18   that the defendant knew the unlawful purpose of the plan and
19   wilfully joined in it.
20           With respect to the substantive offense, that is, the
21   objective of that conspiracy, there are three elements: first,
22   that there was a scheme or artifice to defraud others of money
23   or property by false or fraudulent pretenses, representations,
24   or promises; second, that the defendant knowingly and wilfully
25   devised or participated in the scheme or artifice to defraud

E4n1rigp

with knowledge of its fraudulent nature and with specific intent to defraud; and third, that the target of the scheme was a healthcare benefit program as defined by statute. As a matter of law, Medicaid is such a healthcare benefit program.

With respect to the conspiracy charged in Count Two, that has three objectives: first, again, that the defendant agreed with another to commit the offenses that are the objectives of the conspiracy; second, that the defendant knew of the unlawful purpose of the plan and wilfully joined in it; and third, that a member of the conspiracy performed an overt act for the purpose of advancing the goals of the conspiracy.

With respect to the objectives of the second conspiracy, many of those objectives are misbranding offenses. The elements of those are as follows: first, the object of the violation must be a drug; second, the item must be adulterated; third, the item must have been introduced into interstate commerce or adulterated in interstate commerce, or received in interstate commerce; and fourth, that the defendant and the co-conspirators had the intent to defraud or mislead.

With respect to adulteration, under the law that means that the drugs are held under insanitary conditions whereby they may have been contaminated with filth or rendered injurious to health.

Lastly, one of the objectives is the unlawful wholesale distribution of prescription drugs, and that requires

E4n1rigp

1    the government to show that there were transactions to people
2    other than the persons for whom the drugs were prescribed and
3    that the people involved in those transactions were not
4    licensed in that state to do so.
5             THE COURT:  Thank you.
6             Mr. Rigo, having heard the elements of the offenses
7    that are set forth in the indictment, is it still your desire
8    to tender a plea of guilty?
9             THE DEFENDANT:  Yes.
10            THE COURT:  Have any threats been made to you by
11   anyone to influence you to plead guilty?
12            THE DEFENDANT:  No, sir.
13            THE COURT:  Have any promises been made to you
14   concerning the sentence that you will receive?
15            THE DEFENDANT:  No, sir.
16            THE COURT:  Now I'm aware that the government has sent
17   to your attorney a letter dated February 14, 2014, through
18   which the government analyzed how it believes the Sentencing
19   Commission Guidelines might apply to your case.  I want to show
20   you a copy of that document.  Do you recognize it, sir?
21            THE DEFENDANT:  Yes, sir.
22            THE COURT:  Did you have an opportunity to review this
23   document with your counsel?
24            THE DEFENDANT:  Yes, sir.
25            THE COURT:  Is there anything contained in the

E4n1rigp

1  February 14, 2014 writing that you do not understand?

2  THE DEFENDANT: No, sir.

3  THE COURT: Do you understand that notwithstanding the
4  analysis of the Sentencing Commission Guidelines that the
5  government has made through the February 14, 2014 writing, that
6  the impact, if any, that the Sentencing Commission Guidelines
7  may have on the sentence to be imposed upon you is left solely
8  to the discretion of the sentencing judge?

9  THE DEFENDANT: Yes.

10  THE COURT: Sir, is your plea being made voluntarily,
11  that is, of your own free will?

12  THE DEFENDANT: Yes.

13  THE COURT: Did you commit the offenses that are
14  described in the indictment?

15  THE DEFENDANT: Yes.

16  THE COURT: Would you tell me in your own words what
17  it is that you did that makes you believe yourself guilty of
18  the offenses outlined in the indictment.

19  THE DEFENDANT: During the years mainly 2010 to 2012,
20  but also in previous years, I agreed with others to buy and to
21  sell medicines that had been prescribed to patients with
22  insurance, Medicaid, without having a license to sell them or
23  to buy them. On occasion the medications had the labels
24  removed or cleaned up in order for them to be sold. When I did
25  this, I was in Newark, New Jersey, but I knew that some of

these medicines were bought in Manhattan. I knew that what I was doing was wrong.

THE COURT: Sir, when you indicated a few moments ago that when you engaged in the conduct you were describing, you were in New Jersey and that some of the drugs involved in the activities you described were bought in New York County, were the drugs purchased in New York County brought to you in New Jersey or some of them brought to you in New Jersey?

THE DEFENDANT: Yes.

THE COURT: Are there any questions the government would have me put to Mr. Rigo?

MR. MASIMORE: No, your Honor.

THE COURT: Mr. Rigo, I'm going to turn to your counsel once again.

Is there any reason you know of why your client should not plead guilty?

MS. HENDON: No, your Honor.

THE COURT: Is the government aware of any reason why defendant should not plead guilty?

MR. MASIMORE: No, your Honor.

THE COURT: If the matter were to proceed to trial, what evidence would the government offer in support of the charges made by the indictment?

MR. MASIMORE: Your Honor, the evidence would come in the form of -- some of it would come in the form of cooperators

Case 1:13-cr-00897-DLC   Document 18-2   Filed 10/06/14   Page 17 of 19
17
E4n1rigp

who would be able to be prepared to testify that they bought and sold HIV medications and other medications to and from the defendant at various points from in or about 2000 through in or around 2013. In addition, there was a recorded conversation during which this defendant discussed with another person doing substantial new deals for HIV drugs. In addition, at the time of his arrest, law enforcement officers recovered a ledger showing what appeared to be significant transactions in prescription drugs.

In addition, your Honor, with respect to adulteration, the government would be able to prove through the testimony of a scientist that prescription drugs that have had their labels removed in a similar process to how the defendant and his co-conspirators removed the labels often used lighter fluid, which could and sometimes did seep in through the bottles into the pills. That results in adulteration.

Lastly, we would also have cooperators who would be able to testify that prescription drugs were purchased from Medicaid beneficiaries who had obtained those prescription drugs for free, without the intention of ingesting them but with the intention of selling them, and that the purpose of the scheme was to clean up the bottles and make them look like they were new so they could be sold later on down to commercial establishments that ultimately -- either the commercial establishments or later consumers would not know that these

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

E4n1rigp

1   drugs had previously been dispensed and previously been cleaned
2   with solvents.
3           THE COURT:  Thank you.
4           I'm satisfied that Mr. Rigo understands the nature of
5   the charges made against him through the indictment, I'm
6   satisfied that he understands the consequences of his plea of
7   guilty, I'm satisfied that the plea is being made voluntarily
8   and knowingly and that there is a factual basis for the plea,
9   so I shall report and recommend to the assigned district judge
10  that the plea be accepted.
11          I'm advised that no date for sentence has been fixed.
12  I'm going to fix a date.  I direct the parties to contact the
13  assigned district judge to determine whether that date is
14  available on the judge's schedule.  I'll fix the 22nd day of
15  August 2014 as a date for sentence.  I'll direct that a
16  presentence report be prepared prior to that date.  I direct
17  the government to obtain a transcript of the minutes generated
18  during this proceeding and present same to the assigned
19  district judge before the date of sentence.
20          Is there any request with respect to bail?
21          MR. MASIMORE:  No, your Honor.  It can be continued as
22  set previously.
23          MS. HENDON:  None, your Honor.  Thank you.
24          THE COURT:  Bail will be continued as previously
25  fixed.

E4n1rigp

1          Is there anything else that we need to address?
2          MS. HENDON:  Not from the defense.  Thank you, your
3  Honor.
4          MR. MASIMORE:  No, your Honor.  Thank you.  Have a
5  nice day.
6          THE COURT:  Let me advise you that with respect to the
7  presentence report, the government should provide its case
8  summary materials to the probation department within 14 days
9  from today and the defendant and his counsel should make
10 themselves available for an interview with the probation
11 department not later than 14 days from today.
12         Thank you.  Have a good day.
13         MS. HENDON:  Thank you, your Honor.
14                            o0o