# EXHIBIT M



**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York  10007*

February 14, 2014

**BY ELECTRONIC MAIL**

Joanna C. Hendon, Esq.
Spears & Imes LLP
51 Madison Avenue
New York, NY 10010

    Re:    <u>United States v. Bladimir Rigo, a/k/a "Bladi,"</u> 13 Cr. 897 (RWS)

Dear Ms. Hendon:

        **This document is not a plea agreement.** Rather, pursuant to the suggestion of the Court in <u>United States</u> v. <u>Pimentel</u>, 932 F.2d 1029, 1034 (2d Cir. 1991), this letter sets forth the current position of the United States Attorney's Office for the Southern District of New York (the "Office") regarding the application of the United States Sentencing Guidelines ("U.S.S.G." or "Guidelines") to your client, Bladimir Rigo (the "defendant").

        The Indictment charges the defendant in two counts. Count One charges the defendant with participating in a conspiracy to commit health care fraud from in or about 2000 to in or about September 2013, in violation of Title 18, United States Code, Section 1349. Count One carries a maximum sentence of ten years' imprisonment; a maximum fine of $250,000, twice the gross pecuniary gain derived from the offense, or twice the gross pecuniary loss to persons other than the defendant as a result of the offense; a maximum term of three years' supervised release; and a mandatory $100 special assessment.

        Count Two charges the defendant with participating in a conspiracy to commit certain adulteration offenses and the unlawful wholesale distribution of prescription drugs from in or about 2000 to in or about September 2013, in violation of Title 18, United States Code, Section 371. Count Two carries a maximum sentence of 5 years' imprisonment; a maximum fine of the greatest of $250,000, twice the gross pecuniary gain derived from the offense, or twice the gross pecuniary loss to persons other than the defendant resulting from the offense; a maximum term of supervised release of three years; and a $100 mandatory special assessment.

        The total maximum term of imprisonment on Counts One and Two is 15 years.



The Government currently believes that the Guidelines apply to the crimes charged in the Indictment as follows:

### A. Offense Level

1. The Guidelines Manual in effect as of November 1, 2013 applies to the offense conduct.

2. Pursuant to U.S.S.G. § 3D1.2 (d), Counts One and Two are grouped together as one (the "Group").

3. The applicable sentencing guideline to the Group is U.S.S.G. § 2B1.1. Pursuant to U.S.S.G. § 2B1.1(a), the base offense level is six.

4. Pursuant to U.S.S.G. § 2B1.1(b)(1)(J), an 20-level increase is warranted because the loss exceeded $7,000,000, but was not more than $20,000,000.

5. Pursuant to U.S.S.G. § 2B1.1(b)(8), a two-level increase is warranted because the offense involved a Government health care program, and the loss to that program was more than $1,000,000.

6. Pursuant to U.S.S.G. § 2B1.1(b)(15), a two-level increase is warranted because the offense involved the conscious or reckless risk of death or serious bodily injury.

7. Assuming the defendant clearly demonstrates acceptance of responsibility, to the satisfaction of the Government, through his allocution and subsequent conduct prior to the imposition of sentence, a 2-level reduction will be warranted, pursuant to U.S.S.G. § 3E1.1(a). Furthermore, assuming the defendant has accepted responsibility as described in the previous paragraph, an additional one-level reduction is warranted, pursuant to U.S.S.G. § 3E1.1(b), because the defendant will have given timely notice of his intention to enter a plea of guilty, thereby permitting the Government to avoid preparing for trial and permitting the Court to allocate its resources efficiently.

In accordance with the foregoing calculations, the applicable offense level is 27.

### B. Criminal History Category

Based upon the information now available to this Office (including representations by the defense), the defendant has 0 criminal history points.

Based on the foregoing, the defendant is in Criminal History Category I.



C.  **Sentencing Range**

Based upon the calculations set forth above, the defendant's Guidelines range for Counts One and Two is **70** to **87** months' imprisonment. In addition, after determining the defendant's ability to pay, the Court may impose a fine pursuant to U.S.S.G. § 5E1.2. At offense level 27, the applicable fine range is $12,500 to $125,000.

The foregoing Guidelines calculation is based on facts and information currently known to the Office. Nothing in this letter limits the right of this Office (1) to change its position at any time as to the appropriate Guidelines calculation in this case, even if that change is based, in whole or in part, on information that was in the Government's possession as of the date of this letter; and/or (2) to present to the Court or the United States Probation Office, either orally or in writing, any and all facts and arguments relevant to sentencing that are available to the Office at the time of sentencing. Nor does anything in this letter limit the right of this Office to seek a departure under or variance from the Guidelines, or to take a position on any departure or variance that may be suggested by the Court, the United States Probation Office, or the defendant.

This letter does not and cannot bind either the Court or the United States Probation Office, either as to questions of fact or as to determinations of the correct application of the Guidelines in this case. Instead, the sentence to be imposed upon the defendant will be determined solely by the Court. This Office cannot and does not make any promise or representation as to what sentence the defendant will receive.

The information now available to this Office (including representations by the defendant as to his citizenship) indicates that in addition to the criminal penalties set forth above, the defendant's guilty plea and conviction make it very likely that the defendant's deportation from the United States is presumptively mandatory. At a minimum, the defendant's guilty plea and conviction carry a risk of deportation or other adverse immigration consequences. The defendant is entitled to and should seek advice from his counsel on this issue.

Very truly yours,

PREET BHARARA
United States Attorney

By: *[signature]*
Edward B. Diskant
Assistant United States Attorney
(212) 637-2294

3

*[signature] Patricia Tian*
*Interpreter/Translator*
*4/21/14*