# EXHIBIT O

```
E4n1rigp
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

UNITED STATES OF AMERICA,

      v.                                13-CR-897

BLADIMIR RIGO,

          Defendant.              Plea

------------------------------x

                                        New York, N.Y.
                                        April 23, 2014
                                        12:10 p.m.

Before:

                  HON. KEVIN N. FOX,

                                    Magistrate Judge

                      APPEARANCES

PREET BHARARA
     United States Attorney for the
     Southern District of New York
BY:  JASON MASIMORE, ESQ.
     Assistant United States Attorney

SPEARS & IMES LLP
     Attorneys for Defendant
BY:  JOANNA C. HENDON, ESQ.
     RICHARD M. BENJAMIN, ESQ.

ALSO PRESENT:  TONY ROMERO, FBI

ALSO PRESENT:  SELVA NEBBIA, Spanish Language Interpreter

```
 1              (In open court; case called)
 2              THE DEPUTY CLERK:  Counsel, please state your name for
 3   the record.
 4              MR. MASIMORE:  Good afternoon, your Honor.  Jason
 5   Masimore for the government, and with me at counsel table is
 6   Task Force Officer Tony Romero with the FBI.  Thanks.
 7              THE COURT:  Good afternoon.
 8              MS. HENDON:  Good afternoon, your Honor.  Joanna
 9   Hendon for Mr. Rigo, and my colleague Richard Benjamin is also
10   with us today.
11              THE COURT:  Good afternoon.
12              Is there an application on behalf of the defendant?
13              MS. HENDON:  Yes.  Mr. Rigo would like to withdraw his
14   previously entered plea of not guilty to the offenses and enter
15   a plea of guilty, your Honor.
16              THE COURT:  Mr. Rigo, I have before me indictment
17   13-CR-897, a multicount indictment, Count One of which charges
18   a violation of Title 18 United States Code Section 1349, which
19   makes it an offense for a person to conspire or agree with
20   others to violate any of the fraud charges that are within a
21   certain chapter of Title 18 of the United States Code.  Count
22   Two of the indictment charges a violation of Title 18 United
23   States Code Section 371, which makes it an offense for a person
24   to conspire or agree with others to violate the laws of the
25   United States.
```

Case 1:13-cr-00897-DLC   Document 25-15   Filed 11/14/14   Page 4 of 20
                                                                    3

E4n1rigp

1         The indictment also contains a forfeiture allegation
2 through which the government has indicated it would seek to
3 recoup from you the proceeds of illegal activity described in
4 the indictment.
5         You have a right to have this afternoon's proceeding
6 presided over by a district judge. You may, if you wish,
7 consent to have a magistrate judge preside at this afternoon's
8 proceeding. In that connection I have before me a document
9 which is labeled Consent to Proceed Before a United States
10 Magistrate Judge on a Felony Plea Allocution.
11         Mr. Cancellarich, would you swear the defendant,
12 please.
13         THE DEPUTY CLERK: Would the defendant please rise.
14         State your name for the record.
15         THE DEFENDANT: Bladimir Rigo.
16         (Defendant sworn)
17         THE DEPUTY CLERK: Thank you.
18         THE COURT: Mr. Rigo, I want to show you the consent
19 form that I mentioned a moment ago. Do you recognize this
20 document?
21         THE DEFENDANT: Yes.
22         THE COURT: Did you have an opportunity to review it
23 with your attorneys?
24         THE DEFENDANT: Yes.
25         THE COURT: Is there anything contained in the consent

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

E4n1rigp

1  form that you do not understand?
2          THE DEFENDANT:  No.
3          THE COURT:  Do you acknowledge that the consent form
4  explains in greater detail what I mentioned to you a moment ago
5  about your right to have this afternoon's proceeding presided
6  over by a district judge and, further, that by signing the
7  document you are agreeing that a magistrate judge may preside
8  at this afternoon's proceeding?
9          THE DEFENDANT:  Yes.
10         THE COURT:  Is your true signature on the consent
11 form?
12         THE DEFENDANT:  Yes, sir.
13         THE COURT:  Did anyone force you to sign the document,
14 sir?
15         THE DEFENDANT:  No, sir.
16         THE COURT:  Let me turn my attention to your counsel.
17 Is your signature also on the consent form?
18         MS. HENDON:  Yes, your Honor.
19         THE COURT:  Very well.  I shall sign the document and
20 then we'll continue.
21         Mr. Rigo, would you state your full name, please.
22         THE DEFENDANT:  Bladimir Rigo.
23         THE COURT:  Sir, within the last 24 hours have you
24 consumed any medicine, alcohol, or drugs that would affect your
25 ability to understand what you're doing here today?

E4n1rigp

1        THE DEFENDANT:  No, sir.
2        THE COURT:  Are you under the care of a physician or
3    psychiatrist for any condition?
4        THE DEFENDANT:  Yes.
5        THE COURT:  Which, physician or psychiatrist?
6        THE DEFENDANT:  A physician.
7        THE COURT:  Is there anything about the condition for
8    which the physician is treating you that would prevent you from
9    understanding what you're doing here today?
10       THE DEFENDANT:  No.
11       THE COURT:  Have you ever been treated for alcoholism
12   or drug addiction?
13       THE DEFENDANT:  No.
14       THE COURT:  Do you feel all right today?
15       THE DEFENDANT:  Yes, sir.
16       THE COURT:  What is the extent of your education, sir?
17       THE DEFENDANT:  The second year of high school.
18       THE COURT:  Sir, have you received a copy of
19   indictment 13-CR-897?
20       THE DEFENDANT:  Yes, sir.
21       THE COURT:  Do you wish to have the indictment read to
22   you now in open court?
23       THE DEFENDANT:  No.
24       THE COURT:  Do you understand what it says that you
25   did in the indictment?

E4n1rigp

1           THE DEFENDANT:  Yes.
2           THE COURT:  Have you had sufficient opportunity to
3  speak with your attorneys about the charges contained in the
4  indictment and how you wish to plead with them?
5           THE DEFENDANT:  Yes.
6           THE COURT:  Are you satisfied with the assistance that
7  your attorneys have rendered to you in connection with this
8  matter?
9           THE DEFENDANT:  Yes, sir.
10          THE COURT:  Are you ready to plead to indictment
11  13-CR-897?
12          THE DEFENDANT:  Yes.
13          THE COURT:  What is your plea, sir, guilty or not
14  guilty?
15          THE DEFENDANT:  Guilty.
16          THE COURT:  Are you a United States citizen?
17          THE DEFENDANT:  Yes, sir.
18          THE COURT:  Do you understand that by pleading guilty
19  to the offenses outlined in the indictment, which are felony
20  offenses, you may be giving up certain valuable civil rights
21  that you have, among them the following: the right to vote, the
22  right to hold public office, the right to serve on a jury, the
23  right to possess any type of firearm, including rifles and
24  shotguns --
25          THE DEFENDANT:  Yes.

```
E4n1rigp
```

1           THE COURT:  -- the right to be considered for certain
2   types of employment, and the right to possess or obtain certain
3   professional licenses?
4           THE DEFENDANT:  Yes.
5           THE COURT:  I have to determine whether your plea of
6   guilty is being made voluntarily and whether you understand
7   fully the nature of the charges made against you and the
8   consequences of your plea, so I shall be asking you additional
9   questions.  I first want to ensure that you understand the
10  nature of the charge made against you.
11          THE DEFENDANT:  Yes.
12          THE COURT:  And so I indicated earlier, Count One of
13  the indictment charges a violation of Title 18 United States
14  Code Section 1349.
15          THE DEFENDANT:  Yes.
16          THE COURT:  That charge is that you participated in a
17  conspiracy to commit healthcare fraud in or about the years
18  2000 through 2013.
19          THE DEFENDANT:  Yes.
20          THE COURT:  The law provides as a maximum penalty for
21  the offense set forth at Count One of the indictment the
22  following: a maximum sentence of ten years' imprisonment; a
23  maximum fine of $250,000, twice the gross pecuniary gain
24  derived from the offense, or twice the gross pecuniary loss to
25  persons other than yourself resulting from the offense; a

E4n1rigp

1   maximum term of three years' supervised release; and a
2   mandatory $100 special assessment.  If you are sentenced to a
3   term of supervised release and violate the terms and conditions
4   of that supervised release such that it is revoked, you expose
5   yourself to serving in prison all or part of the term of
6   supervised release authorized by statute for the offense that
7   resulted in such term of supervised release, without credit for
8   time previously served on postrelease supervision.
9           Sir, do you understand the nature of the charge made
10  against you at Count One of the indictment?
11          THE DEFENDANT:  Yes.
12          THE COURT:  And do you understand the range of
13  penalties, including the maximum sentence to which you are
14  potentially exposing yourself by your plea of guilty to Count
15  One of the indictment?
16          THE DEFENDANT:  Yes, sir.
17          THE COURT:  Count Two of the indictment, as I
18  indicated to you earlier, charges a violation of Title 18
19  United States Code Section 371.  In connection with that count
20  of the indictment, the grand jury has charged that you
21  participated in a conspiracy to commit certain adulteration
22  offenses, that is, the adulteration of drugs, and the unlawful
23  wholesale distribution of prescription drugs during the period
24  in or about the year 2000 through the year 2013.  The law
25  provides as a maximum penalty for the offense set forth at

E4n1rigp

1   Count Two of the indictment the following: a maximum sentence
2   of five years' imprisonment; a maximum fine of the greatest of
3   $250,000, twice the gross pecuniary gain derived from the
4   offense, or twice the gross pecuniary loss to persons other
5   than yourself resulting from the offense; a maximum term of
6   supervised release of three years; and a $100 mandatory special
7   assessment. I addressed with you when I was discussing the
8   charge at Count One of the indictment what would happen if you
9   were sentenced to a term of supervised release and violated it,
10  causing a revocation. The same would be true with respect to
11  Count Two of the indictment if you are sentenced to a term of
12  supervised release, violate it, and cause the supervised
13  release to be revoked, so I shall not repeat that to you.
14           Sir, do you understand the nature of the charge made
15  against you at Count Two of the indictment?
16           THE DEFENDANT: Yes.
17           THE COURT: And do you understand the range of
18  penalties including the maximum sentence to which you are
19  potentially exposing yourself by your plea of guilty to Count
20  Two of the indictment?
21           THE DEFENDANT: Yes, sir.
22           THE COURT: Do you understand that you have a right to
23  plead not guilty and to have a jury trial on the charges
24  contained in the indictment?
25           THE DEFENDANT: Yes.

E4n1rigp

1           THE COURT:  Do you understand that if you plead not
2    guilty and go to trial, the burden would be upon the government
3    to prove that you are guilty beyond a reasonable doubt?
4           THE DEFENDANT:  Yes.
5           THE COURT:  Do you understand that at a trial you
6    would be presumed innocent until the government proved your
7    guilt beyond a reasonable doubt?
8           THE DEFENDANT:  Yes.
9           THE COURT:  Do you understand that at a trial and at
10   every other stage of the proceedings, you would have the right
11   to be represented by an attorney and, if necessary, the court
12   would appoint an attorney to represent you?
13          THE DEFENDANT:  Yes.
14          THE COURT:  Do you understand that at a trial you
15   would have the right to testify, to confront and question any
16   witnesses who might testify against you, and the right not to
17   be forced to incriminate yourself, that is, you do not have to
18   be a witness against yourself?
19          THE DEFENDANT:  Yes.
20          THE COURT:  Do you understand that at a trial you
21   would be entitled to call witnesses to testify and to compel
22   the attendance of witnesses?
23          THE DEFENDANT:  Yes.
24          THE COURT:  Do you understand that if you plead
25   guilty, there will be no trial of any kind so that you give up

1   your right to a trial and the only remaining step would be for
2   the assigned district judge to sentence you?
3           THE DEFENDANT:  Yes.
4           THE COURT:  Sir, are you certain that you understand
5   the nature of the charges to which you are pleading?
6           THE DEFENDANT:  Yes, sir.
7           THE COURT:  And are you certain that you understand
8   the range of penalties, including the maximum sentence to which
9   you are potentially subjecting yourself by your plea?
10          THE DEFENDANT:  Yes.
11          THE COURT:  Do you understand that the sentencing
12  judge may be obligated to impose a special assessment upon you?
13          THE DEFENDANT:  Yes.
14          THE COURT:  Have you or your attorneys talked about
15  how the Sentencing Commission Guidelines, which are advisory
16  only, might inform the sentence to be imposed upon you?
17          THE DEFENDANT:  Yes.
18          THE COURT:  Do you understand that in determining your
19  sentence, the sentencing judge is obligated to calculate the
20  applicable Sentencing Guidelines range and possible departures
21  under the Sentencing Guidelines?
22          THE DEFENDANT:  Yes.
23          THE COURT:  Do you understand that in addition to the
24  factors outlined in the Sentencing Commission Guidelines, the
25  sentencing judge will also consider factors that are set forth

E4n1rigp

at 18 U.S.C. Section 3553 in determining what an appropriate sentence might be for you?

THE DEFENDANT: Yes.

THE COURT: Sir, do you understand that parole has been abolished and that if you are sentenced to prison, you will not be released on parole?

THE DEFENDANT: Yes.

THE COURT: Do you understand that the answers you give to me today under oath may in the future be used against you in a prosecution for perjury or false statement if you do not tell the truth?

THE DEFENDANT: Yes, sir.

THE COURT: What are the elements of the offenses set forth in the indictment?

MR. MASIMORE: With respect to Count One, your Honor, it has two elements: first, that the defendant agreed with another person to try to commit healthcare fraud; and second, that the defendant knew the unlawful purpose of the plan and wilfully joined in it.

With respect to the substantive offense, that is, the objective of that conspiracy, there are three elements: first, that there was a scheme or artifice to defraud others of money or property by false or fraudulent pretenses, representations, or promises; second, that the defendant knowingly and wilfully devised or participated in the scheme or artifice to defraud

E4n1rigp

with knowledge of its fraudulent nature and with specific intent to defraud; and third, that the target of the scheme was a healthcare benefit program as defined by statute. As a matter of law, Medicaid is such a healthcare benefit program.

With respect to the conspiracy charged in Count Two, that has three objectives: first, again, that the defendant agreed with another to commit the offenses that are the objectives of the conspiracy; second, that the defendant knew of the unlawful purpose of the plan and wilfully joined in it; and third, that a member of the conspiracy performed an overt act for the purpose of advancing the goals of the conspiracy.

With respect to the objectives of the second conspiracy, many of those objectives are misbranding offenses. The elements of those are as follows: first, the object of the violation must be a drug; second, the item must be adulterated; third, the item must have been introduced into interstate commerce or adulterated in interstate commerce, or received in interstate commerce; and fourth, that the defendant and the co-conspirators had the intent to defraud or mislead.

With respect to adulteration, under the law that means that the drugs are held under insanitary conditions whereby they may have been contaminated with filth or rendered injurious to health.

Lastly, one of the objectives is the unlawful wholesale distribution of prescription drugs, and that requires

E4n1rigp

1    the government to show that there were transactions to people
2    other than the persons for whom the drugs were prescribed and
3    that the people involved in those transactions were not
4    licensed in that state to do so.
5         THE COURT:  Thank you.
6         Mr. Rigo, having heard the elements of the offenses
7    that are set forth in the indictment, is it still your desire
8    to tender a plea of guilty?
9         THE DEFENDANT:  Yes.
10        THE COURT:  Have any threats been made to you by
11   anyone to influence you to plead guilty?
12        THE DEFENDANT:  No, sir.
13        THE COURT:  Have any promises been made to you
14   concerning the sentence that you will receive?
15        THE DEFENDANT:  No, sir.
16        THE COURT:  Now I'm aware that the government has sent
17   to your attorney a letter dated February 14, 2014, through
18   which the government analyzed how it believes the Sentencing
19   Commission Guidelines might apply to your case.  I want to show
20   you a copy of that document.  Do you recognize it, sir?
21        THE DEFENDANT:  Yes, sir.
22        THE COURT:  Did you have an opportunity to review this
23   document with your counsel?
24        THE DEFENDANT:  Yes, sir.
25        THE COURT:  Is there anything contained in the

E4n1rigp

1  February 14, 2014 writing that you do not understand?
2              THE DEFENDANT:  No, sir.
3              THE COURT:  Do you understand that notwithstanding the
4  analysis of the Sentencing Commission Guidelines that the
5  government has made through the February 14, 2014 writing, that
6  the impact, if any, that the Sentencing Commission Guidelines
7  may have on the sentence to be imposed upon you is left solely
8  to the discretion of the sentencing judge?
9              THE DEFENDANT:  Yes.
10             THE COURT:  Sir, is your plea being made voluntarily,
11 that is, of your own free will?
12             THE DEFENDANT:  Yes.
13             THE COURT:  Did you commit the offenses that are
14 described in the indictment?
15             THE DEFENDANT:  Yes.
16             THE COURT:  Would you tell me in your own words what
17 it is that you did that makes you believe yourself guilty of
18 the offenses outlined in the indictment.
19             THE DEFENDANT:  During the years mainly 2010 to 2012,
20 but also in previous years, I agreed with others to buy and to
21 sell medicines that had been prescribed to patients with
22 insurance, Medicaid, without having a license to sell them or
23 to buy them.  On occasion the medications had the labels
24 removed or cleaned up in order for them to be sold.  When I did
25 this, I was in Newark, New Jersey, but I knew that some of

E4n1rigp

these medicines were bought in Manhattan. I knew that what I was doing was wrong.

THE COURT: Sir, when you indicated a few moments ago that when you engaged in the conduct you were describing, you were in New Jersey and that some of the drugs involved in the activities you described were bought in New York County, were the drugs purchased in New York County brought to you in New Jersey or some of them brought to you in New Jersey?

THE DEFENDANT: Yes.

THE COURT: Are there any questions the government would have me put to Mr. Rigo?

MR. MASIMORE: No, your Honor.

THE COURT: Mr. Rigo, I'm going to turn to your counsel once again.

Is there any reason you know of why your client should not plead guilty?

MS. HENDON: No, your Honor.

THE COURT: Is the government aware of any reason why defendant should not plead guilty?

MR. MASIMORE: No, your Honor.

THE COURT: If the matter were to proceed to trial, what evidence would the government offer in support of the charges made by the indictment?

MR. MASIMORE: Your Honor, the evidence would come in the form of -- some of it would come in the form of cooperators

who would be able to be prepared to testify that they bought and sold HIV medications and other medications to and from the defendant at various points from in or about 2000 through in or around 2013. In addition, there was a recorded conversation during which this defendant discussed with another person doing substantial new deals for HIV drugs. In addition, at the time of his arrest, law enforcement officers recovered a ledger showing what appeared to be significant transactions in prescription drugs.

In addition, your Honor, with respect to adulteration, the government would be able to prove through the testimony of a scientist that prescription drugs that have had their labels removed in a similar process to how the defendant and his co-conspirators removed the labels often used lighter fluid, which could and sometimes did seep in through the bottles into the pills. That results in adulteration.

Lastly, we would also have cooperators who would be able to testify that prescription drugs were purchased from Medicaid beneficiaries who had obtained those prescription drugs for free, without the intention of ingesting them but with the intention of selling them, and that the purpose of the scheme was to clean up the bottles and make them look like they were new so they could be sold later on down to commercial establishments that ultimately -- either the commercial establishments or later consumers would not know that these

E4n1rigp

1   drugs had previously been dispensed and previously been cleaned
2   with solvents.
3           THE COURT:  Thank you.
4           I'm satisfied that Mr. Rigo understands the nature of
5   the charges made against him through the indictment, I'm
6   satisfied that he understands the consequences of his plea of
7   guilty, I'm satisfied that the plea is being made voluntarily
8   and knowingly and that there is a factual basis for the plea,
9   so I shall report and recommend to the assigned district judge
10  that the plea be accepted.
11          I'm advised that no date for sentence has been fixed.
12  I'm going to fix a date.  I direct the parties to contact the
13  assigned district judge to determine whether that date is
14  available on the judge's schedule.  I'll fix the 22nd day of
15  August 2014 as a date for sentence.  I'll direct that a
16  presentence report be prepared prior to that date.  I direct
17  the government to obtain a transcript of the minutes generated
18  during this proceeding and present same to the assigned
19  district judge before the date of sentence.
20          Is there any request with respect to bail?
21          MR. MASIMORE:  No, your Honor.  It can be continued as
22  set previously.
23          MS. HENDON:  None, your Honor.  Thank you.
24          THE COURT:  Bail will be continued as previously
25  fixed.

E4n1rigp

1           Is there anything else that we need to address?
2           MS. HENDON:  Not from the defense.  Thank you, your
3   Honor.
4           MR. MASIMORE:  No, your Honor.  Thank you.  Have a
5   nice day.
6           THE COURT:  Let me advise you that with respect to the
7   presentence report, the government should provide its case
8   summary materials to the probation department within 14 days
9   from today and the defendant and his counsel should make
10  themselves available for an interview with the probation
11  department not later than 14 days from today.
12          Thank you.  Have a good day.
13          MS. HENDON:  Thank you, your Honor.
14                              o0o
15
16
17
18
19
20
21
22
23
24
25