

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

May 17, 2015

**VIA ECF**

The Honorable Robert W. Sweet
United States District Court
Southern District of New York
500 Pearl Street
New York, New York  10007

    Re: **United States** v. **Bladimir Rigo**, 13 Cr. 897 (RWS)

Dear Judge Sweet:

    I write in response to the defendant's letter dated May 14, 2015, renewing the defendant's request for a non-custodial sentence, and claiming, among other things, that "each of Mr. Rigo's co-conspirators received a sentence of time served or probation."    The claim is simply inaccurate.

    As the Probation Department, in particular, is well aware, the Government has charged more than 60 defendants with participating in this nationwide healthcare fraud scheme, virtually all of whom have been sentenced at this point, many by the Hon. Denise L. Cote.  *See United States* v. *Viera et al.*, 11 cr. 1072 (DLC).  Of those defendants, for those who played substantively similar roles to that of this defendant – and who were held responsible for similar loss amounts – the sentences imposed have been very similar to that recommended by the Probation Department in this case.  For example, the following "aggregators" in the scheme have been sentenced by Judge Cote as follows:[1]

---

[1] Only one significant "aggregator," Jacqueline Jimenez, received a non-incarceratory sentence of 5 years' probation.  Jimenez, who was held responsible for a loss range of $1 million to $2.5 million, was viewed differently by the Probation Office and Judge Cote for several reasons, including the fact that she worked almost entirely at the direction of others, rather than on her own; had attempted to cooperate with the Government; had a lengthy history of legitimate employment; and was the sole provider for two young children.  Indeed, based on these factors, the Probation Department recommended a non-custodial sentence for Jimenez, which Judge Cote then imposed.  The Government does not believe any of those factors is present in this case and, as the Court is well aware, Probation has not recommended a non-custodial sentence in this case.

| Defendant | Loss Amount | Sentence |
|---|---|---|
| Conrado Vasquez | $1-$2.5 million | 57 months |
| Vanessa Rosario | $1-$2.5 million | 41 months |
| Sergio Novo | $2.5-$7 million | 30 months |
| Carlos Peralta | $2.5-$7 million | 57 months |
| Eduardo Diaz | $2.5-$7 million | 46 months |
| Jose Ramon Gonzalez | $2.5-$7 million | 46 months |
| Israel Tacher | $7-$20 million | 60 months |

There were, of course, certain facts uniquely relevant to each of the individuals named above and the sentences imposed on them,[2] but it is not accurate to suggest that the sentence recommended by Probation for this defendant is somehow inconsistent with the manner in which similarly situated defendants have been sentenced for their participation in this scheme. To the contrary, as indicated above, the recommended sentence of 48 months' imprisonment which this Court has already indicated its intention to impose is entirely consistent with the manner in which other, similarly situated participants in this scheme have been sentenced.

Respectfully submitted,

PREET BHARARA
United States Attorney

By:  \_\_\_/s/_____
     Edward B. Diskant
     Assistant United States Attorney
     (212) 637-2294

cc: Joanna Hendon, Esq. (By electronic-mail)

---

[2] While certain of the individuals charged in the case before Judge Cote were also involved in distributing controlled substances such as oxycodone, none of the above defendants were held responsible at sentencing for a controlled substance offense or for anything other than their participation in the second-hand medication scheme. Nor did any of the above-referenced defendants have any significant criminal history.